# UNITED STATES DISTRICT COURT
for the
_____ District of _____
_____ Division

**FILED**
NOV 2 3 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

James L. Dixon
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

TVA Tammy W McCoy
Steve Figura
Paul Kerwin Nelson
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 2:22-cv-148
(to be filled in by the Clerk's Office)
Corker/Wyrick

## COMPLAINT AND REQUEST FOR INJUNCTION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: James Dixon
Street Address: 212 Cross Anchor Place
City and County: Piney Flats   Sullivan County
State and Zip Code: TN 37686
Telephone Number: 423-914-5627
E-mail Address: captjamesdixon@hotmail.com

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

- Name: TVA Tammy W. McCoy
- Job or Title (if known): North East Regional Manager Permitting
- Street Address: 4195 West US Highway 64, Suite 10
- City and County: Murphy
- State and Zip Code: NC 28906
- Telephone Number: 828-837-4552
- E-mail Address (if known): twmccoy@tva.gov

Defendant No. 2

- Name: Steve Figura
- Job or Title (if known):
- Street Address: 216 Cross Anchor Place
- City and County: Piney Flats    Sullivan County
- State and Zip Code: TN 37686
- Telephone Number: 949-309-6792
- E-mail Address (if known):

Defendant No. 3

- Name: John Kerwin Nelson
- Job or Title (if known):
- Street Address: 220 Cross Anchor Place
- City and County: Piney Flats    Sullivan County
- State and Zip Code: TN 37686
- Telephone Number: 423-367-7854
- E-mail Address (if known):

Defendant No. 4

- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[x] Federal question     [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Declaration of private property lakebed as 'Navigable Waters' by the acts of TVA and TWRA which constitutes a taking of that property.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, (name) _____, is incorporated under the laws of the State of (name) _____, and has its principal place of business in the State of (name) _____.

Or is incorporated under the laws of (foreign nation) _____, and has its principal place of business in (name) _____.

(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because (explain):

$100,000 TVA imposed demolition and removal cost billed to plaintiff.
$145,000 cost of replacement of boathouse and docking facilities if permitted
$ ? Loss of use of facilities and use of lakefront.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur? Spring 2021

Seven year Boone Lake Dam repair upon completion Figura and Nelson placed floating docks over plantiff's lake bed property line, which directs all wharfing out over plantiff's wharfing area. Plantiff's attempts with all defendents to resolve have resulted in TVA deadline of plantiff's boathouse and docking facilities destruction 12-8-22

B. What date and approximate time did the events giving rise to your claim(s) occur?

TVA imposes certain Riparian Rights on blocking neighbor's view, while ignoring the unreasonable use of wharfing out over private lake bed.

Spring 2021

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

TVA a federal agency has issued demolition notice of plantiff's boat house and docking facilities, citing baseless claims of permit violations. This is in response to plantiff's attempts to regain riparian common law property rights being exercised as 'unreasonable use' by defendents Figura and Nelson. TWRA has issued plantiff a warning that plantiff's property was 'Navigable Waters' reserved for defendents 'Wharfing Out.' This contitutes a taking of private property by government. Defendents have blocked their legal parallels for lake access exclusivly using plantiff's

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Both deffendents Figura and Nelson have had floating docks across plantiff's western property line, Nelson has dumped concrete building debris on property.

Disturbance of peaceful use by non respecting close proximty lake traffic. Paying property taxes on property that can't even park boat or use as thousands of property owners are given right of under ownership.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Injuction prohibiting TVA destructive acts and threats to property.
Injunction on unreasonable use as stated by Riparian Common Law.
Plantiff will coordinate with TWRA to stop citations, Please.

By allowing plantiff's property rights to have boat moored, floating trampolin or buoyed swim areas as hundreds do on this lake, Defendents access to navigable waters exist along their parallel access lines. That is as Nelson's floater is removed from Figura's property TVA is deemed by history of floater issue

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11-22-22

Signature of Plaintiff: *James L. Dixon*
Printed Name of Plaintiff: James L. Dixon

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____


**TENNESSEE VALLEY AUTHORITY**

106 Tri-Cities Business Park Drive, Gray, Tennessee 37615

November 10, 2022

Received 11-17-22 Certified Mail

Mr. James Dixon
212 Cross Anchor Place
Piney Flats, Tennessee 37686

Dear Mr. Dixon:

BOONE RESERVOIR – ID 107068 – VIOLATION AND ENCROACHMENT ID 4021500 – CROSS ANCHOR SUBDIVISION LOT 8 – TENNESSEE VALLEY TRACT NO. BR-465F – MAP 7 – SOUTH FORK HOLSTON RIVER MILE 27.2L – SULLIVAN COUNTY, TENNESSEE

The Tennessee Valley Authority (TVA) has determined that the existing facilities associated with your lot are in violation of your Section 26a permit (ID 107068). For your convenience, a copy of your Section 26a permit is enclosed. The existing fixed and floating boat slip was permitted at 2,016 square feet however, it was measured at 2,552 square feet. There is a land-based walkway, two boat lifts, enclosed storage, and a fence on site, none of which were approved on your previous permit.

The TVA flowage easement deed BR-465F, states that fences are not allowed below the 1385-foot contour elevation. Please provide a certified survey showing the contour location of the fence to determine if it may be considered for permitting.

TVA requests that the fixed and floating boatslip be modified by December 8, 2022. Upon the required modification of the boatslip, please submit a Section 26a application for the remaining unpermitted facilities along with a certified survey for TVA consideration. TVA's Section 26a regulations are published in Part 1304 of Title 18 of the Code of Federal Regulations and can be reviewed on TVA's Web site at http://www.tva.com/26aregulations.

Should you choose not to comply with this request, TVA reserves the right to pursue further appropriate actions, including, but not limited to, removing, or causing the structure to be removed at your expense. Although the cost to remove your facility is not currently known, it can be substantial.

We would appreciate your cooperation in resolving this matter. If you have any questions, please contact Ken Weisz at kmweisz@tva.gov.

Sincerely,

*Tammy W. McCoy*

Tammy W. McCoy, Northeast Region Manager
Reservoir Land Use and Permitting
Natural Resources

Enclosure

Dock was in complete compliance with Jan 2001 code. Asked for post build inspect and was told all was FINE.

N.W.2d 489 (2006); Whetzel, Council Releases Proposed Strategy to Restore Delta, Improve Water Reliability, 42 BNA ENV'T REP., No. 32, pp. 1841-42 (Aug. 12, 2011); Morin, Whose Water is It?, BUS. L. TODAY, pp. 19-23 (ABA March/April 2006).

2. The Green Humid East

By contrast, the eastern states began and have continued with a common law system of riparian rights. Riparianism defines water use rights in association with ownership of land that abuts or underlies a surface watercourse. Each riparian owner can use water from the water body bordering or crossing his property. The right comes along with the land and does not depend on when the use begins or whether the use actually continues, in contrast to prior appropriation. While treated as an interest in property, riparian rights are usually not absolute but are "usufruct" in nature (a strong right of usage, without undue diminishment, that is almost like ownership even if a state owns its waters).

The key feature of most riparian systems is that these water rights are non-exclusive and shared with the other riparian owners regardless of parcel size or relative location or length of water frontage. Once the old English rule of allowing no diminishment of the stream's natural flow was abandoned, the American rule developed whereby each riparian owner along the water body is entitled to reasonable use of the water so long as that does not interfere with the same use rights enjoyed by the co-riparian owners. Each use is limited not by a set volume but by a reasonableness standard in relation to other uses of the same stream. Typical rights include in-stream water use, withdrawal and use on the riparian parcel, and "wharfing" out into the river subject to navigation rights and to who owns the stream bed.

When there are competing uses that start to collide in a riparian setting, they may be valued against each other, with domestic use for human consumption enjoying the highest value (and in some places an absolute priority). See, e.g., American Ass'n, Inc. v. Eastern Kentucky Land Co., 2 Tenn. Ch. App. 132 (1901). As society has changed, industrial use has probably risen above agricultural irrigation in next relative value after domestic use, depending on the jurisdiction. Other recognized uses include power generation and recreation. General principles governing the reasonableness of riparian water uses, and as used by courts to resolve disputes that may arise over whether a use is reasonable, are found in the RESTATEMENT (SECOND) OF TORTS, as follows:

> "Section 850: Harm by One Riparian Proprietor to Another
>
> A riparian proprietor is subject to liability for making an unreasonable use of the water of a watercourse or lake that causes harm to another riparian proprietor's reasonable use of water or his land.
>
> Section 850A: Reasonableness of the Use of Water
>
> The determination of the reasonableness of a use of water depends upon a consideration of the interests of the riparian proprietor making the use, of any riparian proprietor harmed by it, and of society as a whole. Factors that affect the determination include the following:

Line bend 8° west
INACCURATE
7.00

Traffic Jet Ski

docking
floating
RAMP

Plantiff
8.00

NORTH

