UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JAMES L. DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-CV-00148-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| TAMMY W. MCCOY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The issues before the Court are (1) whether Tammy W. McCoy in her official capacity with the Tennessee Valley Authority ("TVA") should be dismissed for Plaintiff's failure to effect service and (2) whether there are any plausible claims remaining against Defendants, Steve Figura and John Kerwin Nelson. The Court finds that after being given a second and final opportunity, Plaintiff has failed to show cause why his claims against McCoy should not be dismissed for failure to effect service and therefore they are **DISMISSED WITHOUT PREJUDICE**. The Court also finds that it lacks subject matter jurisdiction over the remaining Defendants, Figura and Nelson, and therefore the claims against them are **DISMISSED WITHOUT PREJUDICE**.

**I.    TAMMY W. MCCOY**

Plaintiff filed this Complaint on November 23, 2022 [Doc. 1]. When he failed to serve Defendant Tammy McCoy, in her official capacity with the Tennessee Valley Authority, on August 2, 2023, the Court ordered him to show cause why his claim(s) against McCoy should not be dismissed for failure to prosecute because of the failure to effect service within the time allowed by Federal Rule of Civil Procedure 4(m). [Doc. 7]. Plaintiff responded detailing an insufficient service attempt. [Doc. 8]. Given Plaintiff's pro se status, the Court provided leniency and granted a thirty-day extension, to September 14, 2023, to effect service and file proof of service. [Doc. 9].

The Court explained that because the TVA, the agency for whom McCoy works, is a federal agency, service of process must comply with Rule 4(i) requiring him to serve McCoy *and* the United States. *Id.*; *see* Fed. R. Civ. P. 4(i). Plaintiff then timely filed what appeared to be proof of service on the United States. [Doc. 10]. However, no counsel for McCoy or the TVA filed an appearance and the Clerk filed an Entry of Default as to McCoy on June 17, 2024. [Doc. 18].

On May 8, 2025, the Court ordered the U.S. Attorney's Office ("USAO") for the Eastern District of Tennessee to enter a limited appearance to address whether Plaintiff's service of process [Doc. 10] on McCoy and the United States was proper. [Doc. 20]. The USAO and the TVA filed limited notices of appearance to address service on May 15 and 16, 2025. [Docs. 21, 22]. The USAO certified that service was improper for several reasons including the fact that (1) Plaintiff mailed the Complaint to the USAO himself, contrary to Fed. R. Civ. P. 4(c)(2) because a party may not serve a summons and complaint; (2) a summons was not delivered to the USAO, contrary to Fed. R. Civ. P. 4(i)(1)(A)(i); and (3) "[t]he mailing to the USAO was not addressed to the USAO Civil Process Clerk at the designated address for service of civil process in compliance with Fed. R. Civ. P. 4(i)(2)." [Doc. 21, pgs. 3–4]; *see* Fed. R. Civ. P. 4(i), Advisory Committee Note, 1993 Amendment ("To assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney."). The TVA's limited appearance certifies that it is in agreement with the USAO's assessment that Plaintiff has not perfected service on the United States. [Doc. 22, pgs. 2–3].

The Court then gave Plaintiff one last opportunity to show cause why the claim(s) against McCoy in her official capacity with the TVA should not be dismissed for failure to prosecute because of the failure to effect service within the time allowed by Rule 4(m) and the prior extension granted by this Court [Doc. 9]. [Doc. 24]. Plaintiff timely responded to the show cause order, but

did not address any service issues. [Doc. 27]. Rather, Plaintiff stated, "I want nothing more to SHOW CAUSE, if the TVA legal will stipulate that Tammy W. McCoy acted within TVA guidelines and policies with their approval to send out the tear down notice to my residence." *Id.* The rest of Plaintiff's response reiterates his substantive arguments against Defendants as outlined in the Complaint [Doc. 1]. The Court finds that pursuant to Rule 4(m), Plaintiff has failed to show cause why his claims against McCoy should not be dismissed for failure to effect service and therefore they are **DISMISSED WITHOUT PREJUDICE**.

II.     STEVE FIGURA AND JOHN KERWIN NELSON

The Court must now assess whether it has subject matter jurisdiction over the claims against the remaining individual Defendants, Figura and Nelson. "Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute" and they "have an independent obligation to investigate and police the boundaries of their own jurisdiction" whether the parties raise the issue themselves. *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606–07 (6th Cir. 1998) (overruled on other grounds). Lack of subject matter jurisdiction may be raised sua sponte by courts at any point as it is a nonwaivable defect. *See Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984). Federal Rule of Civil Proceedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Congress has given federal courts authority to hear a case when diversity of citizenship exists between the parties, or when the case raises a federal question. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have diversity jurisdiction pursuant to 28 U.S.C. § 1332 when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000. Under § 1332(a) there must be complete diversity, meaning no plaintiff and defendant can be citizens of the same state. *See Curry v. U.S. Bulk Transp., Inc.*, 462

3

Case 2:22-cv-00148-DCLC-CRW     Document 29     Filed 07/28/25     Page 3 of 5     PageID #: 129

F.3d 536, 540 (6th Cir. 2006). Diversity jurisdiction is not at issue here, as it is uncontested that Plaintiff and Defendants Nelson and Figura are neighbors and thus citizens of the same state. *See* [Doc. 1, pgs. 1–2; Docs. 5, 6].

Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 when a complaint plausibly alleges "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). The liberal construction afforded to pro se party filings sometimes "requires active interpretation" to find that they contain a claim for federal relief. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). But the liberal construction applied to pro se filings "does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Court does not find any claims against Defendants Figura and Nelson arise under federal law. Plaintiff claims subject matter jurisdiction pursuant to § 1331 stating "[d]eclaration of private property labeled as 'Navigable Waters' by the acts of TVA and TWRA which constitutes a taking of that property."[1] [Doc. 1, pg. 3]. Applying a liberal reading of Plaintiff's Complaint, this matter is against McCoy and the TVA at its core and the allegations against Figure and Nelson, Plaintiff's neighbors, appear to be regarding property disputes and riparian rights. Plaintiff alleges that "Figura and Nelson placed floating docks over plaintiff's lake bed property line, which directs all wharfing out over Plaintiff's wharfing area"; that the TVA's demolition notice to Plaintiff "is in response to plaintiff's attempts to regain riparian common law property rights being exercised as unreasonable use by defendants Figura and Nelson"; "Defendants have blocked their legal parallels for lake access exclusively using plaintiffs"; "Figura and Nelson have had floating docks

---

[1] Given the Court has dismissed the claims against McCoy and the TVA for lack of service, it need not address whether Plaintiff's claims against McCoy satisfy subject matter jurisdiction.

across plaintiffs' western property line"; and "Nelson has dumped concrete building debris on property." [Doc. 1, pgs. 4–5]. Plaintiff does not state how these allegations against Defendants Nelson and Figura raise questions of federal law and the Court need not "conjure allegations on [his] behalf." *Erwin*, 22 F. App'x at 580.

Furthermore, "[r]iparian water rights, like other real property rights, are determined by state law." *Fed. Power Comm'n v. Niagara Mohawk Power Corp.*, 347 U.S. 239, 252 (1954); *see also Norton v. Whiteside*, 239 U.S. 144, 153 (1915) (finding that "as to the claim of riparian rights on the navigable waters in question it was long since affirmatively settled that such claim solely involves a question of state law"). The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims as the Complaint fails to allege any federal cause of action. *See* 28 U.S.C. § 1367(c)(3); *Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *4 (6th Cir. Nov. 6, 2023) ("[D]eclining to exercise supplemental jurisdiction after dismissing a federal claim of original jurisdiction is purely discretionary. Supplemental jurisdiction remains a doctrine of discretion, not a plaintiff's right.") (internal citations omitted).

### III. CONCLUSION

For these reasons, the Court finds that (1) Plaintiff has failed to show cause why his claims against McCoy should not be dismissed for failure to effect service and (2) it lacks subject matter jurisdiction over the remaining Defendants, Figura and Nelson, and therefore Plaintiff's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this matter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge